Upon these facts it is our opinion that as soon as the order or proposition of the defendant *Page 210 
was accepted, the contract was complete without further notice, and that it was fully performed on the part of the plaintiffs when they delivered the guano in good condition to the steamboat company, (315) when the title vested immediately in the defendant, and that consequently the plaintiffs ought to recover. This rule would be varied by a different understanding or agreement, for there is no rule of law to prevent the parties in cases like the present from making whatever bargain they please; and if it appears from the conduct of the parties or from circumstances that either party intended otherwise, then the effect would be the same. If it appeared that the defendant intended no contract until notice of acceptance of his proposition, or that he intended to assume no liability until the plaintiffs delivered the goods at the place designated, or that the vendor intended to control the goods and to retain the jus disponendi by sending a bill of lading to his agent or to a third person, with instructions not to deliver until the goods are paid for, then in such cases the title would not vest in the purchaser by the delivery to the carrier. The authorities are numerous, both English and American, to the effect that a delivery of goods to a carrier designated by the purchaser is of the same legal effect as a delivery to a purchaser himself, and that it is not necessary that he should employ the carrier personally, or by some agent other than the vendor. If, however, no particular route or carrier is indicated by the vendee, then it is the duty of the vendor to ship the goods "in a reasonable course of transit," which was done here, and when he has so delivered the goods to the carrier, his duty is discharged, and if the goods are lost, the purchaser is bound to pay him the price. If it appear that plaintiffs failed to comply with instructions in any material respect, or that any act or instruction of theirs contributed in any way to the nondelivery at the proper destination, then they could not recover; but it is manifest that the nondelivery was not owing to the negligence of the plaintiffs, and was probably occasioned by the fault of the carrier. It is contended, however, that the plaintiffs cannot recover, because they sent no bill of lading to the defendant. (316) This fact does not alter the contract. Such bills as the indicia
of property are useful and convenient for transfers and other commercial purposes, but they are not essential in contracts of sale and delivery like the present; and it is to be noted that a bill of lading was sent to the agent through whom the defendant's order came to plaintiffs. The principle of this case was decided in Crook v. Cowan, 64 N.C. 743.
There is error. Judgment will be entered in this Court in favor of the plaintiffs for the debt and costs.